UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

**DAVID MICHIE**
**(PLAINTIFF)**

VS.  CIVIL ACTION NO. 3-15-1118

**SAVE A LOT STORES LTD**
**(DEFENDANT)**

# JURY DEMANDED

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought for discrimination in employment for unlawful termination pursuant to: Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin). Jurisdiction is specifically conferred on the court by 42 U.S.C.} 2000e-5. Equitable and other relief are also sought under 42 U.S. C. {2000e-5(g).

2. Plaintiff, David Michie, is a citizen of the United States and resides at 902 Rachels Place, Hermitage Tennessee 37067; (615 496-4943).

3. Defendant's parent company, SUPERVALU is a Fortune 100 company with a family of quality stores, a nationwide network that includes 2,500 locations. Defendant's business is divided into three areas. Save-A-Lot retail locations are located in 36 states and serve five million customers a day. Their 16 distribution centers are strategically located around the

country to deliver products. Save A Lot corporate office handles merchandising and procurement, accounting, IT, marketing, category management, real estate, store design, HR, and Legal.

4. Defendant's corporate headquarters is located in Missouri at 100 Corporate Office Dr, Earth City, MO 63045; (314) 592-9100.

5. Plaintiff was employed by the defendant in its Tennessee location and worked at Houchens Food GRP/Save A Lot or better known as Houchens Industries Inc d.b.a. Save a Lot P.O. Box 682, Goodlettsville, Tennessee 37070-0682 (615) 430-8170 or 270-780-2876 which is listed or categorize as the Save A Lot Division, 120 A South Willow, Cookeville, Tennessee 38501

6. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint that started on or about August 31, 2013 and March 27, 2014 ( corporate meeting) that resulted in an adverse employment determination on June 21, 2014.

7. Plaintiff filed charges against the Defendant with the Equal Employment Opportunity Commission, # EEOC 494-2014-01547 on June 27, 2014 charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint. **Exhibit # 1**

8. The Equal Employment Opportunity Commission issued Plaintiff a dismissal and Right to Sue Notice right to file a civil action, a copy of which is attached to this complaint,

stamped with a mail date of July 24, 2015, which stated that a lawsuit must be filed "within" 90 days of Plaintiff's receipt of the notice and not from the actual stamped mailed date; the United States EEOC deems that receipt date of receipt is considered as five (days) from mail date, as such this lawsuit is timely filed. (A plaintiff bringing claims under Title VII or the ADEA must ordinarily file his lawsuit within ninety days after receiving notice of the right to sue from the EEOC. See 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626(e); Seay v. Tennessee Valley Authority, 339 F.3d 454, 469 (6th Cir. 2003). Actual receipt of the right-to-sue letter, however, is not required to start the 90 day limitations period; within the Sixth Circuit, a plaintiff is presumed to have received delivery of the Right to Sue within five days following the EEOC's mailing of the letter. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557-58 (6th Cir. 2000). **Exhibit # 2**

9. Because of plaintiff's (1)___ _X__ Race, (2)_____color, (3) _ __ sex, (4) ___religion, (5) ___national origin (6) ____ Age; (7)_ X _ _Retaliation defendant:

    (a)_____ failed to employ plaintiff.

    (b) ___ X ____terminated plaintiff's employment.

    (c)_____failed to promote plaintiff.

10. The circumstances under which the defendant discriminated against plaintiff are as follows:

a. Plaintiff was hired by the Defendant (Save a Lot Store # 157 located at 15261 Lebanon Rd., Old Hickory, TN. 37138) on November 29, 2005 as a Store Stocker.

b. In 2011, Plaintiff was promoted by the Defendant to Assistant Manager.

c. On October 20, 2013, Plaintiff was not allowed to attend the Defendant's corporate meetings.

d. One of the Defendant's Caucasian Assistant Manager (Darrell) was allowed to attend the Defendant's corporate meetings.

e. Plaintiff was informed by the Defendant's management (Doug Kibbe) that Plaintiff was the lowest paid Assistant Manager.

f. Plaintiff was paid $575.00 per week.

g. Plaintiff was paid less than non-African American Assistant Managers.

h. The Defendant's non-African American Assistant Manager's (Eddie Johnson) weekly salary superseded the Plaintiff's weekly salary.

i. The Defendant's management (Doug Kibbe) also made racial comments and inquiries regarding Plaintiff's diet and nutrition.

j. The Defendant's management (Doug Kibbe) asked Plaintiff "What do you Black people eat?"

k. The Defendant's management (Doug Kibbe) further stated that he knows that "Black people eat chitterlings, ramen noodles, and Vienna sausages".

l. The Defendant's management (Doug Kibbe) then stated that "White people don't eat those things."

4

m. Because the Defendant's management (Doug Kibbe) was Plaintiff's supervisor, Plaintiff did not report the incident.

n. Plaintiff feared that reporting the racial comments made by the Defendant's management (Doug Kibbe) would cause Plaintiff to lose Plaintiff's job.

o. On November 6, 2013, Plaintiff received a written reprimand from the Defendant's management (Doug Kibbe) for unsatisfactory work quality.

p. Plaintiff was scheduled for a vacation period.

q. Defendant's management (Patricia Braggs) approved Plaintiff's vacation.

r. Defendant's management (Doug Kibbe) later disapproved Plaintiff's vacation.

s. Defendant's management (Patricia Braggs) scheduled a vacation during that time period.

t. Plaintiff was not allowed to take Plaintiff's scheduled vacation.

u. Plaintiff informed the Defendant's management (Doug Kibbe) of the death of Plaintiff's grandmother.

v. Plaintiff informed the Defendant's management (Doug Kibbe) of Plaintiff's need to travel to New York for Plaintiff's grandmother's funeral.

w. On March 15, 2014, Plaintiff traveled to New York for Plaintiff's grandmother's funeral.

x. Plaintiff was harassed by the Defendant's management (Doug Kibbe) while attending Plaintiff's grandmother's funeral.

y. Plaintiff received several calls from the Defendant's management (Doug Kibbe) on that day of the funeral urging Plaintiff to work. **Exhibit # 3.**

5

z.  Defendant's management (Doug Kibbe) informed Plaintiff that Plaintiff "may not have a job…" upon Plaintiff's return.

aa. Plaintiff informed the Defendant's management (Doug Kibbe) that Plaintiff was not able to attend work on that day due to the funeral and distance.

bb. Plaintiff returned to Tennessee on March 21, 2014.

cc. Upon Plaintiff's return, Plaintiff made several attempts to contact the Defendant's management to file a harassment complaint.

dd. Plaintiff was merely informed that Plaintiff should "start fresh".

ee. Defendant took no further action in regards to Plaintiff's complaints of discrimination and harassment.

ff. Plaintiff's mother also made several attempts to contact the Defendant's management to file a harassment and discrimination complaint.

gg. Plaintiff's mother was informed by the Defendant's management that the Defendant's management (Doug Kibbe) was "a good guy."

hh. Plaintiff's mother was told by the Defendant's management that the Defendant's management did not believe Plaintiff's mother's complaints against the Defendant's management (Doug Kibbe).

ii. On March 27, 2014, Plaintiff received a written reprimand from the Defendant's management (Doug Kibbe) for violation of company policies or procedures.

jj. On June 23, 2014, Plaintiff was terminated by the Defendant for Plaintiff's failure to properly check the Defendant's produce and pull the bad items.

6

kk. The Defendant's management (Doug Kibbe) terminated Plaintiff as a form of retaliation.

ll. Plaintiff was retaliated against by the Defendant's management (Doug Kibbe) for Plaintiff's complaints of discrimination and harassment.

mm. Plaintiff was noted on video for pulling the Defendant's bad items.

nn. Plaintiff was informed by the Defendant that the bad items were not pulled in compliance with the Defendant's guidelines.

oo. The Defendant's Caucasian male Assistant Manager (James Sweeny) was accused by the Defendant for failing to properly check the Defendant's produce and pull the Defendant's bad items.

pp. The Defendant's Caucasian male Assistant Manager (James Sweeny) not terminated by the Defendant.

qq. Plaintiff filed for unemployment benefits after his termination on June 29, 2014.

**Exhibit # 4 (collective)**

rr. On July 29, 2014, The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal approved Plaintiff's claim for unemployment benefits.

ss. The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal found that the Defendant discharged Plaintiff for Plaintiff's inability to complete Plaintiff's job.

tt. On August 7, 2014, the Defendant filed an appeal with the Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal concerning the payment of unemployment benefits to Plaintiff.

uu. On September 4, 2014, the Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal conducted a telephone hearing with Plaintiff and the Defendant's appearance and testimony.

vv. Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal concluded that the Defendant did not prove that Plaintiff engaged in misconduct connected to Plaintiff's work.

ww. The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal determined that Plaintiff engaged in simple negligence and Plaintiff was merely discharged for producing an unsatisfactory job performance.

xx. The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal stated that Plaintiff's work performance was not evidence of a willful intent to not perform Plaintiff's job.

yy. The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal stated that a willful or wanton violation of Plaintiff's duty of performance was not established by the Defendant.

zz. The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal determined that Plaintiff was eligible for unemployment benefits.

10. The acts set forth in paragraphs 9 of this complaint:

(a) \_\_ \_\_ are still being committed by defendant.

(b)_____ are no longer being committed by defendant.

(c)\_\_ **X** \_\_\_\_\_may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, which charges and determination are submitted as a brief statement of the facts supporting this complaint.

**WHEREFORE**, plaintiff prays that the Court grant the following relief to:

(a)\_\_\_\_ Defendant be directed to employ plaintiff,

(b)\_\_ **X** \_\_Defendant be directed to re-employ plaintiff,

(c)\_\_\_\_ Defendant be directed to promote plaintiff

(d) \_**X**\_ Defendant be directed to (i) purge's plaintiff's personnel file of all disciplinary actions that occurred relating to allegations contained herein ;( ii) tender payment of $300, 000 for emotional stress, inconvenience and embarrassment; and Plaintiff asks the Court to grant all other such relief as may be appropriate, including injunctive orders, damages costs and all attorney's fees.

## Detail for David Michie: 615-496-4943

### Voice, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Charges | Long Dist/ Other Chgs | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 3/25 | 10:38A | 347-299-5372 | Peak | PlanAllow | Bronx NY | Incoming CL | 3 | --- | --- | --- |
| 3/25 | 11:36A | 718-877-6384 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/25 | 11:38A | 931-644-5098 | Peak | M2MAllow | Bronx NY | Incoming CL | 6 | --- | --- | --- |
| 3/25 | 2:07P | 347-323-7626 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/25 | 3:07P | 347-969-9000 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/25 | 4:12P | 727-565-7898 | Peak | Friends & Family | Bronx NY | Stpetersbg FL | 1 | --- | --- | --- |
| 3/25 | 4:26P | 718-877-6384 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/25 | 6:36P | 718-877-6384 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/25 | 6:37P | 917-530-7153 | Peak | PlanAllow | Bronx NY | Nwyrcyzn06 NY | 1 | --- | --- | --- |
| 3/25 | 6:42P | 347-969-9000 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/25 | 6:43P | 917-530-7153 | Peak | PlanAllow | Bronx NY | Nwyrcyzn06 NY | 1 | --- | --- | --- |
| 3/25 | 7:00P | 347-323-7626 | Peak | PlanAllow | Bronx NY | Nwyrcyzn03 NY | 1 | --- | --- | --- |
| 3/25 | 7:04P | 615-885-1062 | Peak | PlanAllow | Bronx NY | Incoming CL | 2 | --- | --- | --- |
| 3/25 | 7:11P | 347-963-2547 | Peak | PlanAllow | Bronx NY | Incoming CL | 12 | --- | --- | --- |
| 3/25 | 7:20P | 718-877-6384 | Peak | PlanAllow,CallWait | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/25 | 7:34P | 718-877-6384 | Peak | PlanAllow | Bronx NY | Bronx NY | 1 | --- | --- | --- |
| 3/25 | 8:33P | 347-969-9000 | Peak | PlanAllow | Bronx NY | Incoming CL | 2 | --- | --- | --- |
| 3/25 | 10:16P | 731-608-8616 | Off-Peak | N&W | Bronx NY | Incoming CL | 2 | --- | --- | --- |
| 3/25 | 10:17P | 731-608-8616 | Off-Peak | N&W | Bronx NY | Henderson TN | 1 | --- | --- | --- |
| 3/25 | 10:18P | 731-418-0976 | Off-Peak | N&W | Bronx NY | Huntingdon TN | 2 | --- | --- | --- |
| 3/25 | 10:21P | 347-392-5765 | Off-Peak | N&W | Bronx NY | Nwyrcyzn10 NY | 2 | --- | --- | --- |
| 3/25 | 10:59P | 718-681-3455 | Off-Peak | N&W | Bronx NY | Bronx NY | 1 | --- | --- | --- |
| 3/25 | 11:20P | 718-877-6384 | Off-Peak | N&W | Bronx NY | Bronx NY | 1 | --- | --- | --- |
| 3/25 | 11:35P | 718-877-6384 | Off-Peak | N&W | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/25 | 11:59P | 718-877-6384 | Off-Peak | N&W | Bronx NY | Bronx NY | 1 | --- | --- | --- |
| 3/26 | 7:06A | 615-306-8507 | Peak | M2MAllow | Bronx NY | Nashville TN | 1 | --- | --- | --- |
| 3/26 | 7:07A | 615-306-8507 | Peak | M2MAllow | Bronx NY | Nashville TN | 1 | --- | --- | --- |
| 3/26 | 7:08A | 718-681-3455 | Peak | PlanAllow | Bronx NY | Bronx NY | 1 | --- | --- | --- |
| 3/26 | 7:56A | 404-207-6203 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/26 | 8:13A | 718-681-3455 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/26 | 8:14A | 404-207-6203 | Peak | PlanAllow | Bronx NY | Atlanta GA | 1 | --- | --- | --- |
| 3/26 | 8:39A | 718-877-6384 | Peak | PlanAllow | Bronx NY | Incoming CL | 1 | --- | --- | --- |
| 3/26 | 11:30A | 931-644-5098 | Peak | M2MAllow | Aberdeen MD | Incoming CL | 5 | --- | --- | --- |
| 3/26 | 12:39P | 718-681-3455 | Peak | PlanAllow | Alexandria VA | Bronx NY | 2 | --- | --- | --- |
| 3/26 | 12:42P | 615-444-0007 | Peak | PlanAllow | Alexandria VA | Lebanon TN | 2 | --- | --- | --- |
| 3/26 | 12:44P | 931-644-5098 | Peak | M2MAllow | Alexandria VA | Cookeville TN | 1 | --- | --- | --- |
| 3/26 | 1:40P | 718-681-3455 | Peak | PlanAllow | Ruther Gle VA | Incoming CL | 2 | --- | --- | --- |
| 3/26 | 6:09P | 615-449-5918 | Peak | M2MAllow | Charlotte NC | Lebanon TN | 20 | --- | --- | --- |
| 3/26 | 6:57P | 731-608-8616 | Peak | PlanAllow | Gaffney SC | Incoming CL | 2 | --- | --- | --- |
| 3/26 | 7:03P | 718-681-3455 | Peak | PlanAllow | Cowpens SC | Incoming CL | 2 | --- | --- | --- |
| 3/26 | 8:51P | 718-877-6384 | Peak | PlanAllow | Commerce GA | Incoming CL | 1 | --- | --- | --- |
| 3/26 | 9:40P | 731-608-8616 | Off-Peak | N&W | Atlanta GA | Incoming CL | 2 | --- | --- | --- |
| 3/26 | 10:17P | 718-681-3455 | Off-Peak | N&W | Jonesboro GA | Bronx NY | 1 | --- | --- | --- |
| 3/27 | 12:08A | 615-862-4968 | Off-Peak | N&W | Sewanee TN | Incoming CL | 5 | --- | --- | --- |
| 3/27 | 1:57A | 347-969-9000 | Off-Peak | N&W | Hermitage TN | Nwyrcyzn08 NY | 2 | --- | --- | --- |

# TENNESSEE DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT
## EMPLOYMENT SECURITY DIVISION
## DECISION OF APPEALS TRIBUNAL

AVISO IMPORTANTE

DATE OF MAILING: 09/05/2014

DOCKET # 14-11399AA
OFFICE # 408
BYE 06/27/2015

CLAIMANT
DAVID R. MICHIE JR
902 RACHELS PLACE
HERMITAGE TN 37076 0000

EMPLOYER
HOUCHENS FOOD GRP/SAVE-A-LOT
ATTN: GEORGE G. MCFARLAND
P O BOX 682
GOODLETTSVILLE TN 37070-0682

SSN XXX-XX-0084
615-496-4943

ER # 0532935
615-430-8170

On June 29, 2014, the claimant filed an initial claim for unemployment benefits. On July 29, 2014, the Agency approved the claim, finding that the employer had discharged the claimant because he was unable to do the job. On August 7, 2014, the employer filed an appeal against the payment of benefits to the claimant. After due notice to all interested parties, a telephone hearing was scheduled for this case on Thursday, September 4, 2014, at which time the claimant appeared and testified. The employer appeared and was represented by George McFarland, Human Resource Assistant. Doug Kibbe, District Manager, testified on behalf of the employer.

After carefully considering the testimony and the entire record in the case, the Appeals Tribunal makes the following:

FINDINGS OF FACT: The claimant's most recent employment prior to filing this claim was with Houchens Food Group/Save-A-Lot as an assistant manager from November 29, 2005, until June 21, 2014, when he was discharged for providing an unsatisfactory job performance. On June 19, 2014, the employer found 'bad product' in the product in the produce department. The claimant had walked the store as required on the date in question. He was seen on security video checking the bananas, where the manager later found fruit that should have been removed. On the date in question the claimant had been responsible for processing a truck containing product for the company. The claimant had been counseled regarding paying attention to the produce department. He admits that he may have overlooked items on the date in question, but he did the work to the best of his ability.



LB-0952

**CONCLUSIONS OF LAW:** The Appeals Tribunal holds that the claimant is eligible for unemployment compensation benefits. The issue in this case is whether the claimant was discharged for misconduct connected with his work as provided in T.C.A. § 50-7-303(a)(2). Misconduct is a willful or controllable breach of a claimant's duties, responsibilities, or behavior that the employer has a right to expect. The misconduct may be an act or an omission that is deliberately or substantially negligent and adversely affects the employer's legitimate business interests. Simple negligence without harmful intent is not misconduct, nor is inefficiency, unsatisfactory conduct that is beyond the claimant's control, or a good faith error of judgment or discretion. The burden of proving misconduct rests on the employer, and in this case, the employer has not met its burden of proof.

The evidence establishes that the claimant was discharged for providing an unsatisfactory job performance. Unsatisfactory job performance, absent evidence of a willful intent not to perform, does not establish misconduct. A willful or wanton violation of a duty the claimant owed to the employer has not been established. The claimant was discharged, but misconduct connected with work has not been shown under T.C.A. § 50-7-303(a)(2).

**DECISION:** The Agency Decision is affirmed. The claimant is eligible for unemployment benefits. The employer's appeal is denied.

GF :mwh /s/ Gale Frazier
Unemployment Appeals Hearing Officer

Pursuant to the provisions of TCA § 50-7-304(c), this decision will become final on 09/20/2014 unless any interested party makes a written appeal to the Commissioner's Designee, Tenn. Dept of Labor and Workforce Development, 220 French Landing Dr., Nashville, TN 37243-1002 (Fax (615) 741-0290).
If the last day for filing falls on a weekend or holiday, the deadline extends to the next business day.
Please include the claimant's Social Security number on all correspondence.

Claimant is responsible for certifying his/her eligibility on a weekly basis as long as he/she is unemployed.

Este es un aviso importante relacionado con sus beneficios de desempleo.

# Appeals Tribunal
## Tennessee Department of Labor & Workforce Development
### Employment Security Division, Nashville, Tennessee 37243-1002
(800)344-8337  (615)741-1857

## NOTICE OF TELEPHONE HEARING
## AVISO IMPORTANTE



SS NUMBER: 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

DOCKET NUMBER: 14-11399-AA
Mailing Date: August 21, 2014

**Claimant**

**Employer**

DAVID R. MICHIE JR
902 RACHELS PLACE
HERMITAGE TN 37076-0000
(615) 496-4943

HOUCHENS FOOD GRP/SAVE-A-LOT
ATTN: GEORGE G. MCFARLAND
P O BOX 682
GOODLETTSVILLE TN 37070-0000
(615) 430-8170

Date: Thursday, September 4, 2014
Time: 08:30am Central Time

Hearing Officer: G. Frazier
Local Office: 408

### BY TELEPHONE

THIS HEARING CONCERNS AN APPEAL FILED BY THE EMPLOYER PURSUANT TO TCA § 50-7-304(C)
ISSUE(S):

TCA §50-7-303(a)(1) & (2)  Whether claimant left work voluntarily without good cause or was discharged for misconduct.

PRIOR TO THE DATE OF THE HEARING ALL PARTIES ARE RESPONSIBLE FOR READING AND

COMPLYING WITH THE PRE-HEARING ORDERS PRINTED ON THE BACK OF THIS NOTICE.
   Further, copies of all exhibits must be provided to the Appeals Tribunal before the hearing.
If your hearing is scheduled by telephone and you want an in-person hearing, please contact the Appeals Tribunal immediately.
NOTE: Este es un aviso importante relacionado con sus beneficios de desempleo.
If the telephone number is incorrect, or not listed, please notify Appeals Tribunal at the telephone numbers above, or you can E-MAIL changes to [appeals.scheduler@state.tn.us].
CC:

FAILURE OF THE EMPLOYER TO APPEAR FOR A SCHEDULED HEARING BEFORE THE APPEALS TRIBUNAL OR THE BOARD OF REVIEW COULD RESULT IN ERRONEOUS PAYMENTS WHICH MAY BE CHARGED TO YOUR ACCOUNT IF THE CLAIM IS APPROVED.
CLAIMANT MAY NOT BE REQUIRED TO REPAY BENEFITS IF THE OVERPAYMENT RESULTS FROM THE FAILURE OF THE EMPLOYER TO APPEAR FOR A SCHEDULED HEARING. (TCA 50-7-304(b)(2)(D), AS AMENDED).
THE CLAIMANT MUST CONTINUE TO FILE WEEKLY CERTIFICATIONS DURING THE APPEAL IF HE/SHE REMAINS UNEMPLOYED.

## SAVE-A-LOT DIVISION OFFICE
## 120A SOUTH WILLOW
## COOKEVILLE, TN. 38501

Attention: District Managers and Store Managers

From:      David Burnett

Date:      October 21, 2013

Subject:   Meeting


There will be a meeting at the Cookeville office on Loss Prevention Shrink Program with Barry Pruitt, for District Managers and Store Managers on Tuesday October 29, 2013 at the Cookeville Office. Meeting begins at 9 o'clock. Lunch will be provided.

If it is possible you may bring your assistant manager to the meeting. Please let us know how many will be attending so we will be able to provide lunch accordingly.


**David Burnett**

*[signature]*

**David Michie, Plaintiff Signature**

Printed Name DAVID R. MICHIE JR

Plaintiff Address 902 RACHELS PL
HERMITAGE, TN. 37076

Date: 21 OCT 2015

Case 3:15-cv-01118   Document 1   Filed 10/22/15   Page 15 of 15 PageID #: 15