UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID MICHIE
(PLAINTIFF)

VS.

CIVIL ACTION NO. 3:15-cv-1118

Judge Campbell/Knowles

HOUCHENS FOOD GROUP, INC
(DEFENDANT)



**JURY DEMANDED**

### **AMENDED** COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought for discrimination in employment for unlawful termination pursuant to: Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin). Jurisdiction is specifically conferred on the court by 42 U.S.C.} 2000e-5. Equitable and other relief are also sought under 42 U.S. C. {2000e-5(g).

2. Plaintiff, David Michie, is a citizen of the United States and resides at 902 Rachels Place, Hermitage Tennessee 37067; (615 496-4943).

3. Defendant's parent company, SUPERVALU is a Fortune 100 company with a family of quality stores, a nationwide network that includes 2,500 locations. Defendant's business is divided into three areas. Save-A-Lot <u>retail</u> locations are located in 36 states and serve five million customers a day. Their 16 <u>distribution centers</u> are strategically located around the country to deliver products. Save A Lot <u>corporate</u> office handles merchandising and

procurement, accounting, IT, marketing, category management, real estate, store design, HR, and Legal.

4. Defendant's corporate headquarters is located in Kentucky at 825 S. Laurel Rd, London Kentucky 40744; (606) 864-3882.

5. Plaintiff was employed by the defendant in its Tennessee location and worked at Houchens Food-GRP/Save A Lot; P.O. Box 682, Goodlettsville, Tennessee 37070-0682 (615) 430-8170 or 270-780-2876 which is listed or categorize as the Save a Lot Division, 120 A South Willow, Cookeville, Tennessee 38501

6. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint that started on or about August 31, 2013 and March 27, 2014 (corporate meeting) that resulted in an adverse employment determination on June 21, 2014.

7. Plaintiff filed charges against the Defendant with the Equal Employment Opportunity Commission, # EEOC 494-2014-01547 on June 27, 2014 charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint. **Exhibit # 1**

8. The Equal Employment Opportunity Commission issued Plaintiff a dismissal and Right to Sue Notice right to file a civil action, a copy of which is attached to this complaint , stamped with a mail date of July 24, 2015, which stated that a lawsuit must be filed "within" 90 days of Plaintiff's receipt of the notice and not from the actual stamped mailed date; the United States EEOC deems that receipt date of receipt is considered as five (days) from mail date, as such this lawsuit is timely filed. (A plaintiff bringing claims under Title VII or the ADEA must ordinarily file his lawsuit within ninety days after receiving notice of the right to sue from the

EEOC. See 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626(e); Seay v. Tennessee Valley Authority, 339 F.3d 454, 469 (6th Cir. 2003). Actual receipt of the right-to-sue letter, however, is not required to start the 90 day limitations period; within the Sixth Circuit, a plaintiff is presumed to have received delivery of the Right to Sue within five days following the EEOC's mailing of the letter. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557-58 (6th Cir. 2000). **Exhibit # 2**

    9.    Because of plaintiff's (1)\_\_\_ **X** \_\_ Race, (2)\_\_\_\_\_color, (3) \_ \_ sex, (4) \_\_\_religion, (5) \_\_\_national origin (6) \_\_\_\_ Age; (7)\_ **X** \_ \_Retaliation  defendant:

    (a)_____ failed to employ plaintiff.

    (b) \_\_\_ X \_\_\_\_terminated plaintiff's employment.

    (c)_____failed to promote plaintiff.

10.    The circumstances under which the defendant discriminated against plaintiff are as follows:

a.    Plaintiff was hired by the Defendant (Save a Lot Store # 157 located at 15261 Lebanon Rd., Old Hickory, TN. 37138) on November 29, 2005 as a Store Stocker.

b.    In 2011, Plaintiff was promoted by the Defendant to Assistant Manager.

c.    On October 20, 2013, Plaintiff was not allowed to attend the Defendant's corporate meetings.

d.    One of the Defendant's Caucasian Assistant Manager (Darrell) was allowed to attend the Defendant's corporate meetings.

e.    Plaintiff was informed by the Defendant's management (Doug Kibbe) that Plaintiff was the lowest paid Assistant Manager.

f. Plaintiff was paid $575.00 per week.

g. Plaintiff was paid less than non-African American Assistant Managers.

h. The Defendant's non-African American Assistant Manager's (Eddie Johnson) weekly salary superseded the Plaintiff's weekly salary.

i. The Defendant's management (Doug Kibbe) also made racial comments and inquiries regarding Plaintiff's diet and nutrition.

j. The Defendant's management (Doug Kibbe) asked Plaintiff "What do you Black people eat?"

k. The Defendant's management (Doug Kibbe) further stated that he knows that "Black people eat chitterlings, ramen noodles, and Vienna sausages".

l. The Defendant's management (Doug Kibbe) then stated that "White people don't eat those things."

m. Because the Defendant's management (Doug Kibbe) was Plaintiff's supervisor, Plaintiff did not report the incident.

n. Plaintiff feared that reporting the racial comments made by the Defendant's management (Doug Kibbe) would cause Plaintiff to lose Plaintiff's job.

o. On November 6, 2013, Plaintiff received a written reprimand from the Defendant's management (Doug Kibbe) for unsatisfactory work quality.

p. Plaintiff was scheduled for a vacation period.

q. Defendant's management (Patricia Braggs) approved Plaintiff's vacation.

r. Defendant's management (Doug Kibbe) later disapproved Plaintiff's vacation.

s. Defendant's management (Patricia Braggs) scheduled a vacation during that time period.

t. Plaintiff was not allowed to take Plaintiff's scheduled vacation.

u. Plaintiff informed the Defendant's management (Doug Kibbe) of the death of Plaintiff's grandmother.

v. Plaintiff informed the Defendant's management (Doug Kibbe) of Plaintiff's need to travel to New York for Plaintiff's grandmother's funeral.

w. On March 15, 2014, Plaintiff traveled to New York for Plaintiff's grandmother's funeral.

x. Plaintiff was harassed by the Defendant's management (Doug Kibbe) while attending Plaintiff's grandmother's funeral.

y. Plaintiff received several calls from the Defendant's management (Doug Kibbe) on that day of the funeral urging Plaintiff to work. **Exhibit # 3.**

z. Defendant's management (Doug Kibbe) informed Plaintiff that Plaintiff "may not have a job…" upon Plaintiff's return.

aa. Plaintiff informed the Defendant's management (Doug Kibbe) that Plaintiff was not able to attend work on that day due to the funeral and distance.

bb. Plaintiff returned to Tennessee on March 21, 2014.

cc. Upon Plaintiff's return, Plaintiff made several attempts to contact the Defendant's management to file a harassment complaint.

dd. Plaintiff was merely informed that Plaintiff should "start fresh".

ee. Defendant took no further action in regards to Plaintiff's complaints of discrimination and harassment.

ff. Plaintiff's mother also made several attempts to contact the Defendant's management to file a harassment and discrimination complaint.

gg. Plaintiff's mother was informed by the Defendant's management that the Defendant's management (Doug Kibbe) was "a good guy."

hh. Plaintiff's mother was told by the Defendant's management that the Defendant's management did not believe Plaintiff's mother's complaints against the Defendant's management (Doug Kibbe).

ii. On March 27, 2014, Plaintiff received a written reprimand from the Defendant's management (Doug Kibbe) for violation of company policies or procedures.

jj. On June 23, 2014, Plaintiff was terminated by the Defendant for Plaintiff's failure to properly check the Defendant's produce and pull the bad items.

kk. The Defendant's management (Doug Kibbe) terminated Plaintiff as a form of retaliation.

ll. Plaintiff was retaliated against by the Defendant's management (Doug Kibbe) for Plaintiff's complaints of discrimination and harassment.

mm. Plaintiff was noted on video for pulling the Defendant's bad items.

nn. Plaintiff was informed by the Defendant that the bad items were not pulled in compliance with the Defendant's guidelines.

oo. The Defendant's Caucasian male Assistant Manager (James Sweeny) was accused by the Defendant for failing to properly check the Defendant's produce and pull the Defendant's bad items.

pp. The Defendant's Caucasian male Assistant Manager (James Sweeny) not terminated by the Defendant.

qq. Plaintiff filed for unemployment benefits after his termination on June 29, 2014.

**Exhibit # 4 (collective)**

rr. On July 29, 2014, The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal approved Plaintiff's claim for unemployment benefits.

ss.     The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal found that the Defendant discharged Plaintiff for Plaintiff's inability to complete Plaintiff's job.

tt.     On August 7, 2014, the Defendant filed an appeal with the Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal concerning the payment of unemployment benefits to Plaintiff.

uu.     On September 4, 2014, the Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal conducted a telephone hearing with Plaintiff and the Defendant's appearance and testimony.

vv.     Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal concluded that the Defendant did not prove that Plaintiff engaged in misconduct connected to Plaintiff's work.

ww.     The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal determined that Plaintiff engaged in simple negligence and Plaintiff was merely discharged for producing an unsatisfactory job performance.

xx.     The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal stated that Plaintiff's work performance was not evidence of a willful intent to not perform Plaintiff's job.

yy.     The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal stated that a willful or wanton violation of Plaintiff's duty of performance was not established by the Defendant.

zz.     The Tennessee Department of Labor & Workforce Development Employment Security Division of Appeals Tribunal determined that Plaintiff was eligible for unemployment benefits.

10. The acts set forth in paragraphs 9 of this complaint:

(a) \_\_\_\_ are still being committed by defendant.

(b) _____ are no longer being committed by defendant.

(c) \_X\_\_\_\_\_ may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, which charges and determination are submitted as a brief statement of the facts supporting this complaint.

   **WHEREFORE**, plaintiff prays that the Court grant the following relief to:

   (a)\_\_\_\_ Defendant be directed to employ plaintiff,

   (b)\_ X \_Defendant be directed to re-employ plaintiff,

   (c)\_\_\_\_ Defendant be directed to promote plaintiff

   (d) \_X\_ Defendant be directed to (i) purge's plaintiff's personnel file of all

disciplinary actions that occurred relating to allegations contained herein :( ii )
tender payment of $300, 000 for emotional stress, inconvenience and embarrassment; and
Plaintiff asks the Court to grant all other such relief as may be appropriate, including injunctive orders, damages costs and all attorney's fees.

*[signature]*

**David Michie, Plaintiff Signature**

**Printed Name** DAVID R. MIchiE JR.

**Plaintiff Address** 902 RAchels Pl.

HERMitAgE, TN. 37076

Date: 5-17-16

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that the following Amended Complaint has been filed with the Clerk of the Court and also served upon the following this 17th day of May 2016 via certified mail:

Mark E. Stamelos and Allison M Cotton
Counsel for Defendant, Houchens Food Group, Inc.
**FORD HARRISON LLP**
150 3rd Ave South, Suite 2010
Nashville Tennessee 37201